## West Kentucky Coal Company v. Butler's Administrator.

(Decided October 22, 1913).

### Appeal from Union Circuit Court.

1. Master and Servant—Personal Injuries.—An employee of a coal company injured by being caught between a car and a prop set too near the track, may recover for his injuries unless he knew the dangerous proximity of the prop or failed to exercise ordinary care for his own safety.

2. Instructions.—The omission of the words "if any" in an instruction after the words "pain and suffering" is not material where the uncontradicted proof is that the deceased was fatally injured, and suffered greatly.

3. Verdict—When Not Excessive.—A verdict for $1,250 where the deceased lived less than an hour is not excessive for pain and suffering.

CLAY & CLAY and ALLEN & MILLER for appellant.

GIBSON & KINCHELOE and MORTON & MORTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

About March 1, 1911, Dexter Butler began work as a track layer in the mine of the West Kentucky Coal Company at Sturgis, Kentucky. He worked as a track layer until March 11, when he was sent to work with the night crew. They loaded up four cars with props and attached a motor to them. Butler and Christian, the foreman of the crew, were sitting on the front of the motor, and the other hands were behind them at other places on the car. As they went along they came to a place known as the squeeze. At this point the roof of the mine had settled, and timbers had been put up to support it, the props being set so near the track, according to some of the evidence that the motor car would strike them in passing, but according to all the evidence there were only a few inches between the props and the side of the motor. As they were passing one of these props, the prop struck Butler and knocked him from the car. He was then rolled or mashed between the car and the prop, and received such injuries that he died in less than an hour suffering great pain. This action was brought by his administrator to recover for his suffering from the time of the injury until his death. On a trial of the case there was a verdict and judgment for $1,250. To reverse this judgment the appeal before us is prosecuted.

It is earnestly insisted that the court should have instructed the jury peremptorily to find for the defendant on the ground that Butler knew of the dangerous proximity of the props to the tracks and assumed the risk by continuing in the service. The proof shows that this was the first trip that Butler had made with the motor. There was nothing in his previous work to call his attention to the narrow space between the motor and the props; for he had worked only as a track layer up to this time. There was evidence for the defendant to the effect that the place was lighted and the danger obvious, but there was also evidence for the plaintiff to the effect that the stationary electric light was around the curve and did not shine upon the place where the accident occurred. It is true there was an electric light on the motor but this was thrown in front, and so the question was for the jury whether Butler knew of the danger or negligently failed to guard against it.

Two of the witnesses had been struck there very much as Butler was struck. The space between the motor and the props was so narrow that the jury were well warranted in finding that ordinary care had not been

used by the master in furnishing a reasonably safe place for the work which the servant was doing.

The court gave the jury this instruction:

"Gentlemen of the jury, the court instructs you that it was not the duty of defendant to provide and maintain an absolutely safe place for the deceased, Dexter Butler, to work in or to pass through or along, in going to and from his work at the time in question, but that it was the duty of defendant to exercise ordinary care to provide and maintain a reasonably safe place for said deceased to work and to pass to and from his work in which he was engaged for defendant in its mines at the time and place in question, so if you shall believe from the evidence that the defendant failed to do so, but negligently caused posts to be placed so near the track in question as to render passage along the same unsafe and dangerous, if it was so, for said deceased to ride along and by the same on the motor then being operated by one of dedendant's employees, and that such condition, if such it was, was known by defendant, or could have been known by it or its employees in charge thereof by the exercise of ordinary care; and if you shall further believe from the evidence that said deceased, Dexter Butler, while going to his work and riding on said motor and while he was exercising ordinary care for his own safety, if he was then doing so, was struck and caught between one of said posts and said motor and thereby injured and from which injury he died, then in that event you should find for the plaintiff and award to the plaintiff such an amount in damages as will fairly and reasonably compensate his estate for the physical and mental pain and suffering endured by him on account thereof after receiving said injury until his death, not exceeding however the sum of $2,500 the amount claimed, but you can not allow anything for the destruction of his life.

"Unless you shall so find and believe from the evidence as above required, you should find for the defendant."

By the second instruction the jury were told that if Butler knew the danger in passing along the point in question on account of the nearness of the props to the track, they should find for the defendant. By the third instruction they were told that it was the duty of Butler to exercise ordinary care for his own safety in passing along the point in question, and if he failed to exercise such care, and but for this would not have been injured,

they should find for the defendant. These instructions follow the rule laid down by us in Daniel Boone Coal Co. v. Sisk, 30 R., 957, Main Jellico Coal Co. v. Parker, 124 S. W., 871; Central Coal Co. v. Owens, 142 Ky., 19. The defendant at least cannot complain of them under the facts of this case. Louisville, &c., R. R. Co. v. Hardin, 154 Ky., 282.

It is complained that in No. 1, the words "if any" are omitted after the words "pain and suffering;" and it is insisted that the instruction assumes that Butler endured pain and suffering. But the evidence as to his suffering and the nature of his injuries is uncontradicted; and if these words had been put in the instruction, they could have had no effect on the result of the trial.

It is also insisted that the verdict is excessive, but we have several times sustained verdicts for much larger amounts in like cases. (Newport News and Miss. Valley Co. v. Dentzel, 91 Ky., 42; L. & N. R. R. Co. v. Earle, 94 Ky., 368.

Judgment affirmed.