## Payne, Director General of Railroads v. Stephenson.

(Decided October 10, 1922.)

### Appeal from Grant Circuit Court.

1. Damages—Measure of Damages—Instructions.—An instruction on the measure of damages which omits the qualifying clause "if any" after the expression "physical or mental pain or suffering he has endured," and after the expression "it is reasonably certain he will endure," and after the expression, "for any permanent reduction of his power to earn money," is not erroneous where it is proven by all the evidence that the appellee was actually injured in a collision between the train and his wagon; but it is always better to use said qualifying clause, "if any."

2. Damages—Excessive Damages.—A verdict for $750.00 is not excessive in a case where a man eighty-two years of age was injured in attempting to drive across the tracks of the railroad and his wagon was struck by an engine and partly demolished and his hand severely injured, his nervous system shocked, and he received other slight injuries.

DE JARNETTE & HARRISON for appellant.

B. F. GRAZIANA and B. F. MENEFEE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee Stephenson was driving a two-horse team across the tracks of the C. N. O. & T. P. Ry. Company, when his team was struck by a north bound passenger train and one of his horses killed, the wagon in part demolished and appellee injured in his person. He instituted this action against the Director General of Railroads to recover damages on the grounds that the injury was the result of the negligence of the train operatives in failing to give the crossing signals required by the

statutes. The jury awarded him $750.00 in damages and from a judgment entered upon this verdict the Director General appeals, insisting (1) that the judgment be reversed because the instruction on the measure of damages omitted the qualifying words "if any;" (2) the verdict is excessive.

1. The jury was directed, if it found for the plaintiff to award him such sum as it should believe from the evidence would fairly and reasonably compensate him for any physical or mental pain suffered by him, or that it was reasonably certain he would endure as the direct result of defendant's negligence in causing the injury, and such further sum as the jury might believe from the evidence would fairly and reasonably compensate Stephenson for any permanent reduction of his power to earn money by reason of said injury, not to exceed the sum of $2,999.00, the amount claimed in the petition. It will be observed that the instruction omits the qualifying words "if any" after the expression "physical or mental pain or suffering he has endured," and after the expression "it is reasonably certain he will endure," and after the expression "for any permanent reduction of his power to earn money."

The evidence for appellee Stephenson proves that he was injured in his hand and perhaps in other parts of his body by the accident. In other words, there was an injury. There is no contradiction of this, but, on the contrary, some of the witnesses for the defendant stated they saw the injury on his hand and the blood flowing therefrom. With this fact admitted it was not prejudicial error for the trial court to assume the existence of the injury and omit the expression "if any" from said instructions. It would, however, have been better if the trial court had employed the said qualifying expression in the instruction. Its omission was held not to be prejudicial in the case of West Kentucky Coal Company v. Butler's Admr., 155 Ky. 428, where it was shown the deceased was fatally injured; and it was also held not to be prejudicial to omit the expression "if any" from the instructions in a slander case where the defendant admitted that he spoke the words, the instruction directing the jury to award the plaintiff damages only in case they found from the evidence in accordance to instruction number 1. Broadway Coal and Mining Co. v. Robinson & Co., 150 Ky. 707; Louisville & Nashville R. R. Co. v. Cooper, 23 Kentucky Law Reporters, 1658.

(2)   According to the evidence for the plaintiff, a man eighty-two years of age, he was injured in his hand and other parts of his body and received a very severe shock to his nervous system through the accident, from which he had not recovered at the time of the trial; he was unable to do as much work as before the injury, and this reduction of his power to earn money was, according to his evidence, the direct and proximate result of the injury.   He suffered much pain and had not fully recovered at the time of the trial which took place several months after the accident.   These facts considered, we are unable to say that the verdict is excessive, for to do so the verdict must so impress the mind at first 'blush.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.