BRUNER v. KNICKERBOCKER.

(Second Division. Nome. May 18, 1911.)

No. 2251.

1. NEW TRIAL (§ 108*).
   Where there is no likelihood that a retrial would result in a different, verdict, a new trial refused.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

2. NEW TRIAL (§ 97*)—ACCIDENT OR SURPRISE.
   Where the accident or surprise occurs during the trial, the party must make complaint at the time, and, if he proceeds with the trial without doing so, he waives his right thereby to a new trial upon that ground.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 195–198; Dec. Dig. § 97.*]

MURANE, District Judge. The motion for a new trial in this cause was submitted to the court on the oral argument and brief on behalf of the defendant and the oral argument of counsel for the plaintiffs.

The main point relied upon by defendant upon the argument and in his brief was "accident and surprise which ordinary prudence could not have guarded against." The alleged surprise consisted in a change of the testimony of plaintiffs, given in the lower court upon the trial of the cause in this court. Counsel also insists that the court erred in remarking that "this is practically an instructed verdict."

One of the first principles to be considered by the court in passing upon the motion for a new trial is whether there is a likelihood that a retrial would result in a different verdict. It is extremely doubtful in this case if counsel for defendant had the testimony which he claims he could secure (that is, the testimony of the defendant himself, which must of necessity contradict to some extent the written memorandum in evidence, which is in the handwriting of the defendant) a new trial would result any different than the one already had.

On the other point relied upon by counsel, it seems, under the rule of law laid down in Ency. of Pl. & Pr. vol. 14, p. 748, defendant has waived his right to now ask for a new trial upon the grounds stated, for the reason that he did not make complaint of the surprise at the time it occurred, but proceeded with the trial without asking for a continuance and took the chance of a favorable verdict from the jury.

On page 749 of volume 14, Amer. & Eng. Ency. Pl. & Pr., we find this pertinent language:

"If the accident or surprise occurred during the trial, it is the duty of the aggrieved party to call the court's attention to his misfortune at the earliest possible moment by a motion for a continuance supported by the usual affidavits. If he proceeds with the trial without complaint, he waives his right. After speculating on the chance of a favorable result, a party is not entitled to a new trial on the ground of surprise."

The court feels that, under the state of the evidence at the time the case was submitted to the jury, the proper procedure would require the court to have directed a verdict. That being the case, of course, the remark complained of by counsel must of necessity be harmless.

The motion for a new trial is denied.