# Schriewer v. Schworer.

Feb. 29, 1944.

Robert C. Simmons for appellant.

John E. Shepard for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On February 6, 1943, Charles Schriewer was struck by an automobile being driven by appellee, at or near the corner of Seventeenth and Garrard Streets in the city of Covington, Kentucky. Schriewer was immediately taken to the hospital where he died approxi-

mately four days thereafter. He, deceased, left a will devising all his property to his wife, Elizabeth Schriewer, and named her executrix of his will and she qualified as such and brought this action to recover of appellee for the mental and physical pain and suffering of her decedent from the time of his injury to the time of his death, but because of his advanced age there was no claim that he had any earning power and for that reason no damage or other recovery was sought for injury to his estate.

The petition alleges negligence on the part of appellee and the answer consisted of a traverse and a plea of contributory negligence of the deceased. Upon a trial before a jury the jury returned the following verdict: "We the jury agree to pay the sum of Two Hundred Fifty-nine Dollars Fifty-five Cents ($259.55) Doctor and nursing." Motion and grounds for a new trial were filed and overruled and the administratrix, plaintiff, has appealed, asking for a reversal of the judgment upon the grounds that (a) the verdict of the jury was inadequate (section 340, subsections 4, 5 and 6, Civil Code of Practice) and contrary to all the evidence and the instructions of the court and the law of the case; and (b) the instructions were erroneous.

The decedent suffered a complete fracture of the thigh bone, or femur, and a complete separation of the fragments. An operation was performed on the decedent at the hospital and an incision was made in the hip and steel pins about four inches long were lined up at the right of the fracture and driven from the outside through the neck and head of the femur. The operation lasted approximately an hour and a half. A local anesthetic was given through the spine and, according to the evidence, it affected only the parts of the body below the point of injection. Decedent was conscious throughout the entire operation. After he was struck by the automobile and while lying in the street, he was heard hollering and crying and also during the operation at the hospital he hollered from pain and said it was "awfully painful" and said he "couldn't stand it any longer." This evidence was not contradicted. And, aside from the evidence, it is the rule that where a substantial personal injury is sustained, suffering is presumed and need not be proven. Broadway Coal Mining Company v. Robinson, 150 Ky. 707, 150 S. W. 1,000; Prichard v. Collins, 228 Ky.

635,15 S. W. (2d) 497; Nussbaum v. Caskey, 235 Ky. 640, 32 S. W. (2d) 18. It is conclusive, therefore, that decedent did suffer physical pain.

Instruction No. 1 submitted to the jury the question of negligence of appellee, which is not complained of; No. 2 was a contributory negligence instruction in the usual form; and instruction No. 3 reads as follows:

"This action is prosecuted by plaintiff to recover damages for pain and suffering and for the expense of employing physicians, and for hospitalization and nursing, from the time of plaintiff's decedent's injury to his death, not for the purpose of recovering damages for injury to his estate by reason of his death.

"If you find for plaintiff, you should award such a sum in damages, if any, as you may believe from the evidence will fairly and reasonably compensate plaintiff for plaintiff's decedent's physical and mental suffering, if any or either, from the time of his injury to his death, and for the reasonable expense, if any, incurred for doctor bills, not to exceed the sum of Two Hundred (200.00) Dollars, on this item, and for the reasonable expense for hospitalization and nursing, not to exceed the sum of Fifty-nine and 55/100 (59.55) Dollars, on this item. If you find for plaintiff your verdict shall not exceed the sum of Twenty Thousand, Two Hundred and Fifty-nine and 55/100. $20,259.55) Dollars, the amount claimed in the petition."

The sum found by the jury is the exact sum established by the evidence for the doctor and nursing, and the jury specifically stated in its verdict that the sum found was for doctor and nursing. These facts are conclusive that the jury found nothing for pain and suffering of the decedent, which is contrary to all the evidence as well as the presumption of law that decedent did suffer pain, and also contrary to the instructions and the law of the case. Since the jury found for plaintiff, it is manifest that they found that defendant was negligent and the deceased was not guilty of contributory negligence. Otherwise the plaintiff would not have been entitled to recover on any item sued for and the verdict should have been for the defendant.

Appellant complains of the following language contained in the first paragraph of instruction No. 3: "not for the purpose of recovering damages for injury to his

estate by reason of his death." It is insisted that that part of the instruction was improper and might have tended to confuse the jury. If it be conceded that it was not harmful or misleading, yet it is contrary to the rule that matters in issue only should be submitted to the jury. There was no issue made in either pleadings or proof concerning injury to the decedent's estate. Upon another trial of the case that part of the instruction should be omitted. It is also to be noted that in the last paragraph of instruction No. 3 appear the words "if any," following the words "award such a sum in damages," and further on, the words "if any or either," following the words "physical and mental suffering." The words "if any or either" indicate that the jury may or may not find that the deceased suffered physical and mental pain, a matter not in issue since, as we have already stated, under all the evidence and the presumption of law it is conclusive that the deceased did suffer physical and mental pain. In West Kentucky Coal Company v. Butler's Adm'r, 155 Ky. 428, 159 S. W. 958, 960, it was held that the omission of the words "if any" in an instruction after the words "pain and suffering" is not material where the uncontradicted proof is that the deceased was fatally injured and suffered greatly. Upon that authority it might be said that the inclusion of the words "if any or either" were not material, but, since that question was not in issue, we think it a better practice to instruct only on matters in issue lest some confusion arise in the minds of the jury. Upon another trial of the case the words "if any" and "if any or either" should be omitted.

The further argument for appellant is that there is no evidence to support the contributory negligence instruction given by the court and it was error to give that instruction. Without entering into a detailed resume of the evidence, it is sufficient to say that we think the facts and attendant circumstances disclosed in the record were such as to authorize the contributory negligence instruction.

For the reason stated, the judgment is reversed and remanded for proceedings not inconsistent with this opinion.