## BIGGS v. TOONE.

Court of Appeals of Kentucky.
Dec. 14, 1951.

Hunt & Palmore and John S. Palmore, Jr., all of Henderson, for appellant.

Pentecost & Dorsey, Henderson, for appellee.

CULLEN, Commissioner.

Frederick Biggs, riding a motorcycle, was involved in a collision with an automobile

driven by Asey Edwin Toone. Biggs sued Toone, seeking recovery for pain and suffering, permanent injuries, loss of earnings, medical expenses, and damage to the motorcycle. The jury returned the following verdict: "We the jury find for the Plaintiff (Biggs) the sum of $85.00 (Medical expense 50.00, repair to motorcycle 35.00)".

Judgment was entered on the verdict, and Biggs has appealed, claiming that there was uncontroverted proof of pain and suffering, permanent injuries, and loss of earnings, and therefore the verdict was in disregard of the evidence and the instructions of the court. Civil Code of Practice, section 340, subsection (4). There is no question raised as to the medical expenses and repairs to the motorcycle, because the verdict followed the pleadings and proof on these two items.

In the accident, which happened on February 27, 1949, Biggs was thrown from his motorcycle to the pavement. He was taken immediately to a doctor, who found no broken bones, but advised Biggs to return home, "stay off his feet," and come back the next day. Biggs testified that he was suffering pain and a swelling in his left knee; he returned to the doctor the next day for treatment, and saw the doctor several times during the next few weeks; during this period he was unable to walk without a crutch, and the pain and suffering continued; the doctor then referred him to a specialist, whom he consulted on several occasions; on advice of the specialist, he entered a hospital for two weeks of bed rest and diathermy; his knee will "jump out of place" from time to time when he walks down steps or upon an uneven surface; and he cannot run or jump. On cross examination, Biggs said that the only thing he had done to remedy his pain was to take sleeping pills on two occasions, and that during the eleven weeks following the accident he had done nothing but "walked about."

The specialist testified that he examined and treated Biggs on six occasions following the accident; on the first occasion, Biggs had just come out of a plastic knee cast, was walking with a limp, and was receiving hot packs for swelling from a synovitis of the left knee; on later examinations, the specialist found that Biggs "was unable to come absolutely straight with his knee, because he had some fluid in it;" there was a slight increase in the anteroposterior motion of the knee, and he diagnosed the condition as an "internal derangement" or dislocation. The specialist confirmed Biggs' testimony as to the two weeks' hospitalization. With respect to pain and suffering, the specialist said that ordinarily pain attends this type of injury; and that "the pain leaves, but it does not leave quickly." With respect to permanency of injury, the specialist said: "I believe that Mr. Biggs' knee is permanently impaired, and I would place the percentage of impairment at 20% of the lower left extremity. This is based chiefly on the increased anteroposterior play in the knee."

However, on cross-examination, the specialist stated that his present prognosis and belief was that Biggs would have a "serviceable" knee—one that would permit him to do the things ordinarily done by persons of his age and strength.

Concerning loss of earnings, Biggs testified that at the time of the accident he was employed by the International Harvester Company as a factory worker; his "take-home" pay averaged $54.80 per week; the specialist did not approve his returning to work until May 11, 1949, and when he did return to work on that day the company doctor rejected him.

The specialist testified: "I know definitely that he could not have returned to such work before the 11th of May."

In support of his contention that the jury was justified in not awarding any damages for pain and suffering, permanent injuries or loss of earnings, the appellee relies upon the following evidence: Biggs, after being taken to the doctor on the day of the accident, returned to the scene of the accident and rode his motorcycle home; the next day he drove an automobile to the appellee's home; his pain was not so severe as to require that he do anything more than take a couple of sleeping pills; during the eleven weeks after the accident he "walked about;" a witness saw him walking without crutches

(but "limping"); and the specialist said he had a "serviceable" knee.

 While the evidence relied upon by the appellee might well serve to minimize any allowance for damages, it certainly does not overcome the positive evidence that Biggs did suffer pain, that he was unable to return to his employment for a period of eleven weeks, and that there was some permanent injury to his knee.

The instructions authorized recovery for pain and suffering, permanent impairment of ability to labor and earn money, and loss of time. Under the evidence and the instructions, the jury, having found the defendant liable in damages, could not limit the award of damages to medical expenses and cost of repairing the motorcycle. The jury was required to make some award for pain and suffering and for loss of earnings. Wall v. Van Meter, 311 Ky. 198, 223 S.W. 2d 734; Schriewer v. Schworer, 296 Ky. 749, 178 S.W.2d 598; Ashland Coca-Cola Bottling Co. v. Brady, 252 Ky. 183, 66 S. W.2d 57.

Appellee relies on Smith v. Bailey, 311 Ky. 118, 223 S.W.2d 582. That case is distinguishable, because it involved a lump-sum verdict, and the proof as to the amount of special damages was not so conclusive as to establish that the verdict merely covered the special damages and allowed nothing for pain and suffering.

It is our opinion that the verdict in the instant case was given in disregard of the evidence and the instructions, and that the appellant is entitled to a new trial.

 The appellant further contends that the instruction on damages was erroneous, in that, as to each item of damages, the qualifying words, "if any," were used. We have held that it is improper to use the words, "if any," where there is no question but that some damages were suffered, and the only issue is as to amount. Schriewer v. Schworer, 296 Ky. 749, 178 S.W.2d 598. Upon a new trial, the court will be guided by the Schriewer case.

 On cross-appeal, Toone argues that he was entitled to a peremptory instruction, because the evidence shows that Biggs was guilty of contributory negligence as a matter of law. No useful purpose would be served by detailing the evidence in this opinion, because we think the evidence clearly created a jury question as to contributory negligence. It will be sufficient to say that, according to some of the eye-witnesses, Biggs was driving at a slow rate of speed, and was struck by Toone's car when the latter, without looking, pulled out of a parking area, onto the highway, directly in Biggs' path.

The judgment is reversed on the direct appeal, and affirmed on the cross-appeal.