**Carl O. DAVIDSEN, Appellant,**

v.

**Bud KIRKLAND, the Pines Corporation, a corporation, and the Hitchin' Post, Inc., a corporation, Appellees.**

**No. 53.**

Supreme Court of Alaska.

May 18, 1961.

Rehearing Denied July 7, 1961.

James K. Tallman, Bell, Sanders & Tallman, Anchorage, for appellant.

Neil S. Mackay, Wendell P. Kay, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This was an action for damages based upon an alleged assault and battery. The trial court instructed the jury on contributory negligence. The main questions to determine on this appeal are whether contributory negligence was a defense to the action, and if not, whether giving the instruction was reversible error.

One evening Carl Davidsen cashed a $50 check at the Hitchin' Post, a saloon, in order to pay for drinks. Some time later he went back to that establishment, paid the owner $50 in cash, asked for the return of the check, and was informed that it was in the possession of Bud Kirkland, a bartender at the Hitchin' Post, who could then be found at another saloon called the Pines.[1]

---

1. This narrative of events is essentially the statement of the case found in Da-vidsen's brief. There is some testimony in the record indicating that the con-

Davidsen went to the Pines and saw Kirkland there. He testified that he asked Kirkland for the check and that Kirkland, without provocation, punched Davidsen and knocked him about sixteen or eighteen feet away. Kirkland's story is that Davidsen was loud, quarrelsome and abusive, that he called Kirkland an "s. o. b.", that when Kirkland stood up Davidsen hit him on the nose, and that Kirkland then hit him back. In any event, Davidsen received an injury to his eye from Kirkland's blow, and commenced this action seeking compensatory damages in the amount of $25,000, and punitive damages in a like amount. The jury's verdict was against Davidsen, and he has appealed.

One of the court's instructions to the jury defined contributory negligence, and stated that one who is guilty of this may not recover from another for the injury suffered. Davidsen assigns this as error—asserting that contributory negligence is not a defense to a wilful and intentional tort, and that the giving of such an instruction effectively precluded the jury from returning an impartial verdict.

 Davidsen's first contention is correct. It is the general rule that one's contributory negligence does not bar recovery against another for an intentional harm done by the latter, such as an assault and battery.[2] But it does not follow as of course that the giving of such an erroneous instruction warrants reversal and a new trial. Under the doctrine of harmless error as expressed in Rule 61, Rules of Civil Procedure,[3] error in giving an instruction must be, disregarded if it does not interfere with substantial justice.[4]

An examination of the transcript of evidence and proceedings at the trial shows that the jury was faced with one initial and primary question of fact: whether Kirkland, who admitted striking Davidsen, did so with or without justification. The whole theory of Davidsen's case was that Kirkland's blow was inexcusable and therefore wrongful and unlawful; the whole theory of the defense was not contributory negligence but that Davidsen was guilty of assault and battery, and that Kirkland had merely used justifiable means in protecting himself from bodily harm. Negligence on the part of either of the parties was never an element in the case until the controversial instruction was given by the court.

The court's instruction on contributory negligence, in its practical application to this case, meant that Davidsen could not recover if he had contributed in some degree in proximately causing the damage of which he complained. In the light of the evidence presented to the jury, it could have found such a "contribution" only by believing the story told by Kirkland and his witnesses— that Davidsen was the aggressor in striking Kirkland first. But if the jurors believed this, then they also must have determined that Kirkland's action in striking back was justifiable self-defense, a point upon which the jury received adequate instruction. Thus, the basic dispute which the jury was asked to resolve was that of an alleged assault and battery met by a claim of self-

troversy may have been over a different, $25, check of Davidsen's which had "bounced". But since Kirkland did not include in his brief any statement of the case, as he was required to do if he intended to controvert that made by the opposite party [Supreme Ct.R. 11(b)], we will assume he agrees that Davidsen's statement of facts is correct.

2. Restatement, Torts § 481 (1934); Prosser, Torts § 51 at 289 (2d ed. 1955); Denton v. Arnstein, 1952, 197 Or. 28, 250 P.2d 407, 415.

3. Rule 61 provides that "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

4. 7 Moore, Federal Practice § 61.09 at 1025–1026 (2d ed. 1955).

defense. In making its determination it is unlikely that the jury was misled by the instruction on contributory negligence. In fact, Davidsen's counsel admitted, after his objection to the instruction had been overruled, that "this is not going to help me and its not going to hurt me." The error·in giving the instruction was harmless.

Davidsen also contends that the trial court erred in refusing to grant his motion for a new trial. The basis of the motion was that the testimony of two witnesses was contrary to that which Davidsen had anticipated. He suggests that they had been "reached by the other side", and thus testified falsely, and asserts that in this situation the resulting surprise called for granting a new trial in order to prevent a possible miscarriage of justice.

■ There would be ground for a new trial if the witnesses had wilfully testified falsely to a material fact—particularly if the perjured testimony had been induced by the opposite party. But the perjury would have to be clearly established,[5] and that wasn't done in this case.

■ Furthermore, it does not appear that Davidsen considered the surprise in this instance prejudicial until after the jury's verdict had been returned and he moved for a new trial. Following an effort made by Davidsen's counsel to impeach the two witnesses by examining them as to inconsistent statements they had purportedly made on a prior occasion, the trial judge expressed his view (out of the jury's presence) that there "may have been a question of misunderstanding here rather than deliberate hostility", and suggested that perhaps the matter could be covered by some instruction to the jury at the close of the case. Davidsen's counsel agreed, stating that "I think perhaps an instruction would correct it." The judge then invited both counsel to work together on an instruction that would clarify the matter. Davidsen's counsel let the matter go at that. He did not request any instruction on the subject, nor did he object to one given by the court which dealt with the impeachment of witnesses through prior inconsistent statements. He thus waived any asserted prejudice resulting from the fact that the witnesses had failed to give the testimony that he expected.[6] The court below correctly denied the motion for a new trial.

■ The final point to be considered is Davidsen's claim that a $1,700 attorney's fee awarded to Kirkland was unreasonable and excessive. In an action for a money judgment where there is no recovery, there may be allowed for the prevailing party, as part of the costs of the action, attorneys fees in a reasonable amount.[7] The trial judge has a large discretion in this respect, and this court is reluctant to interfere with his determination.[8] But here we feel that the amount awarded was unduly high. Although we do not disparage the ability of appellees' counsel or belittle the amount of labor he must have expended in preparing for trial, we cannot overlook the fact that the trial took only two days,[9] that the material facts were few and demonstrable, and that the applicable legal principles were fairly certain.[10] Therefore, we believe that

5. Hunter v. Thomas, 10 Cir., 1949, 173 F. 2d 810, 812.

6. Cf. Gleaton v. Green, 4 Cir., 1946, 156 F.2d 459, 462; Bruner v. Knickerbocker, D.C.Alaska 1911, 4 Alaska 387, 388 Fairhaven Mining Co. v. Immachuck Dredging Co., D.C.Alaska 1916, 5 Alaska 462, 464.

7. Civ.R. 82(a) (1).

8. Shima v. Brown, 1943, 78 U.S.App.D.C. 268, 140 F.2d 337.

9. Cf. Roden v. Empire Printing Company, D.C.Alaska 1955, 16 Alaska 28, 33–34, 135 F.Supp. 665, 667. In this case, a libel action, the trial lasted a full week and in the words of the trial judge "required obvious extensive preparation." He considered an attorney's fee for the prevailing party in the amount of $1,-000 to be just.

10. Cf. United States v. Equitable Trust Company of New York, 1931, 283 U.S. 738, 746, 51 S.Ct. 639, 75 L.Ed. 1379, 1385.

to bring the amount of the attorney's fee within standards of reasonableness it should be reduced to $800.

The judgment is modified accordingly, and as so modified is affirmed.