Gertrude BRIGGS, Appellant,

v.

J. C. KELLY and Lilly Mae Kelly, d/b/a Kelly's Trailer Court, Appellees.

No. 220.

Supreme Court of Alaska.

Dec. 5, 1962.

---

**716**

James K. Tallman, Francis J. Nosek, Jr., Bell, Sanders & Tallman, Anchorage, for appellant.

M. Ashley Dickerson, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The appellant, Gertrude Briggs, rented a house from the Kellys. They recovered judgment against her in the district magistrate court for arrears in rent and for $300 damages caused by stove oil flooding the ground underneath the house. On appeal to the superior court the judgment was affirmed, and a further appeal has been taken to this court.

Appellant says there is no evidence to support a conclusion that she was responsible for the oil damage. The testimony is uncontradicted that the oil came from a leak in the floor furnace or from the fuel lines leading from the oil barrels to the furnace. It was also undisputed that the day before appellant discovered the oil leak (and promptly reported it to the fire department) the appellee, J. C. Kelly, had disconnected the fuel line in order to clean the furnace. He testified that he had shut off the valve at the oil drum, and did not know how the oil got under the house. The appellant testified that she had never touched the fuel line valve.

This, in brief, is the substance of all material evidence bearing upon this aspect of the case. It does not furnish any reasonable basis for the court's finding that some conduct on appellant's part more likely than not caused the flow of oil under the house. That finding could not be derived logically from established facts. It could be arrived at only through conjecture as to the cause of the oil flow. That being so, the trial court should have found against the Kellys upon whom rested the burden of proof.[1]

An additional question presented on this appeal relates to the superior court judgment affirming the magistrate's decision. The judgment was entered on January 10, 1962 by notation in the civil docket, in accordance with Civ.R. 58.[2] On January 12

---

1. City of Fairbanks v. Schaible, Opinion No. 97, 375 P.2d 201, 204 (Alaska 1962).

2. Civ.R. 58 provides in part: "The notation of a judgment in the civil docket

the judge signed a document entitled "Judgment" which apparently had been prepared by counsel for appellees. It contained counsel's certificate that a copy had been mailed to the attorney for appellant on the same day. Appellant moved to set aside this judgment on the ground that she had not been given the opportunity, before it was signed by the judge, to disapprove it as to form and to state her objections to it in accordance with Civ.R. 78.[3]

■■ Non-compliance with subdivisions (a) and (b) of Rule 78 does not in itself require us to reverse the judgment below and order it to be set aside. The appellant must first show that she has been prejudiced in some substantial way.[4] She fails to do this. The signed judgment of which she complains contains a brief recitation of the history of the case, and then simply orders that the judgment of the magistrate court be affirmed. Appellant points to nothing on the face of the document which shows that her lack of opportunity to disapprove of its form was inconsistent with justice. Nor is there any showing of prejudice by reason of her not being given the chance to object to the judgment as to its substance, prior to its being signed by the judge. She had the remedy of appeal to this court, she has availed herself of it, and she has secured the relief that she sought—a reversal of

that portion of the judgment which she claimed was erroneous.

The judgment of the magistrate court, as affirmed by the superior court, is reversed to the extent that it awards appellees $300 for oil damage.

---

as provided by Rule 74 constitutes the entry of the judgment; and the judgment is not effective before such entry."

3. Civ.R. 78(a) and (b) provide:
 "(a) *Preparation and Submission—Service.* Unless otherwise ordered by the court, counsel for the successful party to an action or proceeding shall prepare in writing and serve on each of the other parties all findings of fact, conclusions of law, judgments and orders. Counsel for each of the parties so served shall promptly endorse on the original of each document either (1) an approval as to form, (2) a disapproval as to form, or (3) an acknowledgement of the date and hour of service.

"(b) *Objections.* Within 5 days after service of any of the documents mentioned in subdivision (a), a party may serve a written detailed statement of objections to any such document and the reasons therefor. If objections are served within the time specified herein, the court may thereafter require the attorneys interested to appear before it, or it may sign the document as prepared by counsel for the successful party or as modified by the court."

4. Civ.R. 61. See *Davidsen v. Kirkland,* Opinion No. 38, 362 P.2d 1068, 1069–1070 (Alaska 1961); *Reiten v. Hendricks,* Opinion No. 68, 370 P.2d 166, 168 (Alaska 1962).