**Mary WALKER, Appellant,**

v.

**The ALASKA ROAD COMMISSION and the State of Alaska, Appellees.**

**No. 365.**

Supreme Court of Alaska.

Jan. 23, 1964.

Robert A. Parrish and Millard F. Ingraham, Fairbanks, for appellant.

Charles J. Clasby, Collins & Clasby, Fairbanks, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

The principal question to be decided is whether the trial judge erred in failing to award damages for the pain, suffering and inconvenience which appellant experienced as a result of injuries received in an automobile collision caused by the negligence of appellee's agent.

The evidence established that the collision occurred a considerable distance out of Nome on the road to Council at about 3 p. m. on September 1, 1960. Appellant sustained injuries to her right thigh, right knee and collarbone and contends that these injuries aggravated a pre-existing arthritic condition in her back. She was not hospitalized in Nome until 7:30 p. m. the day of the injury. After four days in the hospital she was returned to her home where she remained in bed for thirty days. It was approximately three months before she could walk.

Appellant testified that she experienced pain and inconvenience from the time of her injury throughout her convalescence and even thereafter. Medical testimony concerning the nature of her injuries corroborates appellant's claim that she endured pain, at least from the time of injury through convalescence. Appellant's detailed testimony concerning the inconvenience she was put to in performing her housework, attending church, fishing, berrying and trapping parka squirrels was not controverted.

After having the case under advisement for almost six months the trial judge published a memorandum opinion which awarded appellant modest sums for loss of earnings for one year in her regular seasonal occupations of fishing, berrying, squirreling, crabbing, tomcodding and performing housework for others. She was also awarded medical and hospital expenses. No award was made for pain, suffering and inconvenience nor was any finding

made that appellant had not been damaged in these respects.

■ The record contains substantial and uncontradicted evidence that appellant did experience pain, suffering and inconvenience as a result of her injuries. The clear weight of authority holds that a jury award which fails to include a sum for these items of general damages is inadequate or inconsistent when the evidence supporting them is beyond legitimate controversy.[1] Based on our interpretation of the record, we hold that it was error for the trial judge not to have included a sum for appellant's pain, suffering and inconvenience in this case.

■ Appellant next claims error in the court's failure to find that appellant's injuries were permanent.

Dr. Lundquist testified that appellant's arthritis of the back was of long standing, preceded the injuries and that basically it was not caused by the accident. Dr. Haggland's testimony was that appellant had an embryonic defect of the spine but that generally she had "quite a good back" considering her age and congenital defect. Dr. Fenstermacher testified that it was possible that appellant's injuries were related to the later developed back condition, that there was a fifty-fifty chance that this was the case, but that he had no way of knowing.

It appears from the record that all of the doctors examined were of the view that appellant's arthritic condition was not caused by the injuries sustained in the accident, although all admitted that the injuries may have irritated or aggravated the condition to some extent.

Two of appellant's Eskimo lady associates testified that before the accident appellant was an excellent fisherwoman and berry picker but that after her accident she could not pull a seine or bend over to pick berries for any length of time.

We are of the opinion that neither the medical nor the lay testimony was of sufficient weight to warrant a finding of permanent injury.

■ The last claim is that the trial court erred in finding that appellant was disabled for a period of one year only.

Two arguments are advanced in support of this claim of error:

1. That there is no clear evidence in the record that the disability resulting from the accident terminated one year from its date.

2. That in awarding appellant $351.00 for hospital and medical expenses, the court must have included the fee of Dr. Lundquist for services rendered more than one year after the accident; that if appellant was being treated more than one year after the accident she must have been disabled longer than one year.

The answer to the first argument is that appellant has failed to point out wherein the trial judge committed clear error in holding as he did. Appellant's gainful occupations were almost entirely seasonal. It appears that the judge may have considered that appellant had had the advantage of the 1960 fishing season, but lost the benefit of the berrying and squirreling for that year since the accident occurred on September 1st. The record clearly establishes the fact that fishing was more strenuous than appellant's other occupations. It would be logical to assume that the judge gave her the benefit of the 1961 fishing season in damages, but was of the view that she had recovered sufficiently by September 1st to pick berries and trap squirrels for that season.

As to the second argument, it is not clearly established that Dr. Lundquist's

---

1. Shaw v. Browning, 59 Wash.2d 133, 367 P.2d 17 (1961); Thompson v. Ianuzzi, 403 Pa. 329, 169 A.2d 777 (1961); Mosley v. Dati, 363 Mich. 690, 110 N.W.2d 637 (1961), where the award was characterized as "arbitrary and capricious" for failure to include a sum for pain and suffering.

fee was included in the medical award. However, if it was included, it is still not clearly established that appellant was disabled at the time she was being treated. We find no error on this point.

The case is remanded to the trial court with instructions to supplement the findings with respect to pain, suffering and inconvenience and to amend the judgment accordingly. It appears from the record that the judgment should be further amended by deleting the name of Robert Dixon since the action was dismissed as to him prior to the commencement of the trial.