**Thomas J. REXFORD, Appellant,**

v.

**Edward D. SASLOW, Appellee.**

**No. 727.**

Supreme Court of Alaska.

April 3, 1967.

---

Robert A. Parrish, Fairbanks, for appellant.

Mary Alice Miller of Collins & Clasby, Fairbanks, for appellee.

## OPINION

Before NESBETT, C. J., DIMOND, J., and SANDERS, Superior Court Judge.

DIMOND, Justice.

Appellant brought this action for damages for injuries suffered when he was struck by appellee's car. In the first trial the jury found in appellant's favor and awarded damages of over $70,000. On appeal we reversed and remanded for a new trial because of errors in instructing the jury and in removing from the jury the question of appellant's contributory negligence.[1] In the second trial the jury found in favor of appellee. Appellant has appealed, his contentions being that appellee's negligence was so clear that this issue should not have been given to the jury for its determination, and that appellant's freedom from contributory negligence was so apparent that this issue too ought to have been removed from jury consideration.

1. Saslow v. Rexford, 395 P.2d 36 (Alaska 1964).

Appellee was driving along a highway at night at a speed of about 25 to 30 miles an hour. He saw the headlights of another vehicle ahead of him. The lights were on the bright or high beam and they appeared to bob up and down, and the other vehicle appeared to be moving toward appellee in a normal manner. When appellee was about 100 feet from the other vehicle he realized that it was in his lane of traffic. Appellee immediately swerved to the right to avoid a collision. After he got past the glare of the headlights of the other vehicle, which was parked and not moving, he saw for the first time a group of people standing near the right-hand side of the road in a railroad siding and parking area. Appellee applied his brakes, but he was unable to stop before his car hit several people including the appellant who was standing on the shoulder of the highway next to the left-hand door of the vehicle which had been parked on the wrong side of the road with its headlights on.

In our opinion on the first appeal in this case we observed that appellant first saw appellee's car approaching at a distance of about 500 feet, that he saw the car again when it was 100 feet away, that appellant perceived that the parked vehicle next to him was on the wrong side of the road with its headlights on, that night darkness prevailed, that no warning flares had been set out, that appellant was familiar with the area, and that as he saw appellee's car approaching it was his impression that it was traveling too fast for what appellant described as a congested area. In what we termed as these "attendant dangerous circumstances"[2] we held that it was open to question whether appellant was not guilty of contributory negligence in placing himself in such close proximity to the vehicle parked on the wrong side of the road, and therefore that the issue of con-

tributory negligence should have gone to the jury.

■ After further consideration we have reached the conclusion that we were mistaken in holding that the question of contributory negligence should have gone to the jury. Although modern roads and highways are constructed with little if any consideration being given to persons who travel on foot, the fact remains that pedestrians have the right to use such roads and highways without fear of being run down by motor vehicles. In particular, one on foot has the right to stand on the shoulder of a road without being bound to anticipate that he will be struck by a car leaving the traveled portions of the road and running on to or off the shoulder. That is the situation here. Appellant was standing on the shoulder of the road where he had a right to be. He had no reason to anticipate that appellee's car would turn off the road to the right of the parked vehicle and strike him, rather than stopping or going to the left where about one-half to two-thirds of the roadway was available for passing.[3] We believe that there was no room for difference of opinion among reasonable men as to whether appellant exercised reasonable prudence for his own safety. A reasonably prudent person should not have had an apprehension of danger such as to require him, at the risk of being charged with failure to exercise proper care for his own safety, to have placed himself in some particular place in the parking area adjacent to the road so as to avoid being hit by appellee driving off the road.

■ The jury should not have been instructed as to contributory negligence on appellant's part.[4] But since it was, and since we are unable to assess the effect such an instruction had in persuading the

2. Id. at 41.

3. See Camp v. Wilson, 258 Mich. 38, 241 N.W. 844, 845 (1932).

4. We recognize, of course, that in instructing the jury on contributory negligence

the trial court was only doing what we required it to do in our opinion on the first appeal in this case.

jury to find in favor of appellee, a new trial must be ordered.

Appellant moved for a directed verdict in his favor on the ground that there was no evidence upon which the jury could find in favor of appellee. The trial court denied the motion, and appellant assigns this ruling as error.

 In determining whether error was committed, we review the evidence and the reasonable inferences therefrom in a light most favorable to appellee.[5] From the evidence adduced, the jury reasonably could have found that appellee was traveling at a speed of from 25 to 30 miles an hour, that there was a vehicle ahead of him with its headlights on high beam facing him, that the headlights appeared to be bobbing up and down and the vehicle appeared to be moving toward appellee, that appellee first discovered that the other vehicle was in his lane of traffic when he was about 100 feet from it, that as he drew close to the vehicle he could not see too much because the headlights facing him were shining right in his windshield, that when he ascertained that the other vehicle was in his lane of traffic he decided to get off the road, that he slowed down by braking his car, that he went off the road to the right in order to avoid a collision, that after turning off the road he did not see anyone until he got past the glare of the headlights, that when he did see people ahead of him he jammed on his brakes, and that since he thought that the vehicle ahead of him was moving, he had no reason to believe that anyone was on the outside of the vehicle on the right side of the road.

From these circumstances we are of the opinion that fair-minded jurors could reasonably have differed on the question of appellee's negligence. A jury question was presented as to whether appellee was negligent in not observing earlier than he did that the vehicle ahead of him was stopped in his lane of traffic, and as to whether appellee was negligent in the manner in which he operated his car immediately before the accident. Under our decisions in Mallonee v. Finch[6] and McCoy v. Alaska Brick Co.,[7] we hold that the trial court ruled correctly in denying appellant's motion for a directed verdict. This holding disposes of appellant's last specification of error that the trial court erred in failing to instruct the jury that appellee was negligent as a matter of law.

The judgment is reversed and the case remanded for a new trial.

5. Mallonee v. Finch, 413 P.2d 159, 161 (Alaska 1966); Otis Elevator Co. v. Mc-Laney, 406 P.2d 7, 9 (Alaska 1965).

6. 413 P.2d 159 (Alaska 1966).

7. 389 P.2d 1009 (Alaska 1964).