Ernesto **MARTINEZ** and Elido **Martinez**, husband and wife, individually and as next friends of Edwin Eugene Martinez and Edwardo Ernesto Martinez, minors, Appellants,

v.

Steven H. **BULLOCK**, Appellee.

No. 2209.

Supreme Court of Alaska.

May 22, 1975.

M. Ashley Dickerson, Anchorage, for appellants.

Kenneth P. Jacobus, Hughes, Thorsness, Lowe, Gantz & Powell, Anchorage, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR and BOOCHEVER, Justices.

## OPINION

RABINOWITZ, Chief Justice.

We are called upon to review asserted errors in jury instructions that allegedly misled the jury, resulting in an inadequate award of damages.

In July of 1970 on Elmendorf Air Force Base, an automobile driven by Steven H. Bullock collided with a car in which the two Martinez children were riding. Edwin, then eight years old, and Edwardo, then eleven years old, suffered facial lacerations which produced scars. The scars were treated non-surgically because of a family history of "bad scarring". The total medical expenses incurred amounted to $80.20.

The parents of Edwin and Edwardo filed suit against Bullock, alleging that Bullock was negligent and seeking damages. Bullock admitted his liability, and, after a trial solely on the issue of damages, the jury awarded each child $500 for past and future pain and suffering. Motions for a new trial, to set aside the verdict, and for additur were denied, and Martinez appealed.

Martinez urges us to reverse and remand for a new trial, relying on three specific grounds: that the superior court erred in failing to grant a directed verdict as to "some" amount of damages; that the court's instructions to the jury erroneously contained language which led the jurors to believe they were permitted to award no damages; and that the damages awarded are inadequate. Bullock counters by arguing that, if any errors occurred below, they were harmless because the verdicts are "within the zone of reasonableness for the injuries sustained."

On the second day of the three-day trial, after the presentation of Martinez' case, counsel for Bullock indicated that he would offer no witnesses and therefore "[rested] as well, except for introduction of the letter which will be taken up tomorrow." The jury was then excused. The judge and both counsel proceeded with an extensive discussion concerning the proposed jury instructions. Various objections to the proposed instructions were noted, and the trial judge stated at the close of the discussion, "I will grant you five minutes tomorrow morning to—you know, if you come up with something that's missed your attention . . . .."

On the next morning, just before the jury was called in to hear the final arguments and instructions, counsel for Bullock abandoned his attempt to introduce the letter. The superior court then invited further comments on the proposed jury instructions. Counsel for Martinez responded by making a motion for a directed verdict. The motion was couched in the following terms:

MRS. DICKERSON: Your Honor, prior to making a comment I would like to make a motion at this time, one that I usually would make at the close of the defendant's evidence, but in view of the defendant having presented none I did not make it. But my motion would be for directed verdict for the . . . two minor plaintiffs, not only as to liability which has been admitted by the defendant, but as to some damages. I believe that in view of the fact that there is no contradiction in the . . . testimony as far as the plaintiffs being injured their scars are clearly available. The pictures as presented to the court . . . clearly showed injuries. *And in view of a recent supreme court decision and generally the record in this case I would move that as a matter of law we are entitled to a judgment in the amount of some damages.* And based on that motion I would then ask that all of the references of damages, "if any", in the instructions could be deleted. In view of the fact that it's quite clear that they are entitled to some damages and that all the

jury has to determine is the amount. I think this would simplify the issues and also speed up the deliberations. (emphasis added)

The superior court apparently agreed that the Martinez children were entitled to some damages, but refused to grant the motion because of asserted practical difficulties involved in retyping the jury instructions containing the words "if any". The court observed:

I can't believe that the phrase "if any" prejudices the plaintiff in any manner. I would agree with you if in . . . the unlikely event that the jury were to come back with a zero I would probably send them out again . . . with an additional instruction under the Alaska supreme court case that while the amount is in their discretion, they have to give something. But at this stage after we've already gone over the instructions, they've all been typed up, . . . it would take me a substantial amount of time to go through and check all the instructions to see everywhere the phrase "if any" appears and mark it out. If I mark it out there's the danger that the jury would say, well, . . . what was there and speculate as to what was there. The only way to avoid that is to retype the instructions and I don't believe in light of all of the facts and circumstances that would be necessary . . . here. And I think you're right that the jury should award some amount for pain and suffering, that the controversy between the parties is not as to that, but as to the amount and that will be the thrust of the argument. . . .

Martinez contends that the trial judge committed prejudicial error in failing to direct a verdict for "some" damages.

■ The purpose of a motion for a directed verdict under Civil Rule 50(a) is to allow a judge to resolve a factual issue where, viewing the evidence in the light most favorable to the nonmoving party, fair-minded jurors could not reach different conclusions on the issue.[1] Here, however, it was beyond dispute that the Martinez children were entitled to some damages. The legal consequence of Bullock's admission of liability was that he became obligated to pay compensatory damages for any injuries proximately resulting from the accident.

■ Bullock's admission of liability coupled with the uncontroverted proof that the Martinez children sustained facial scars as a result of the accident compelled a jury verdict of some damages to compensate the children for their pain and suffering. But the damage issue still had to be submitted to the jury for a determination of the precise amount to be awarded. It is clear that a grant of a directed verdict motion as to "some" damages would not have taken the damage issue away from the jury. Therefore, the purpose of a directed verdict would not have been served if the motion had been granted. We thus find no error in the superior court's refusal to grant the motion for a directed verdict for some damages.

Moreover, the failure to grant the directed verdict requested by Martinez would not be prejudicial if the jury were properly instructed on the damage issue. In fact, the thrust of Martinez' directed verdict motion seems to have been to convince the superior court to modify the purportedly erroneous and prejudicial jury instructions. Thus, we now turn to the specifications of errors relating to the jury instructions.

Martinez' major complaint is that Instruction Number 5 was erroneous, thereby confusing the jury and producing prejudicial error. Instruction Number 5 reads:

The defendant has admitted liability for any injury the plaintiff may have

---

1. *See, e. g.,* Mertz v. J. M. Covington Corp., 470 P.2d 532, 536 (Alaska 1970); Merrill v. Faltin, 430 P.2d 913, 916 (Alaska 1967); Otis Elevator Co. v. McLaney, 406 P.2d 7, 9–10 (Alaska 1965) (citing prior Alaska precedents).

suffered, proximately resulting from the accident in question.

Thus you will be required to determine:

1. What injury, *if any*, the plaintiff received as a proximate result of the accident, and

2. The amount of damages, *if any*, to which the plaintiff is entitled as compensation for such injury.

The admission of liability should not prejudice you for or against the defendant. (emphasis added)

Martinez contends that the words "if any" in Instruction Number 5 led the jurors to believe that they were permitted to bring in a verdict of zero damages. Accordingly, under Martinez' theory, the misconception that the jury could award no damages contributed to the "inadequate" awards of $500 to each child.

Counsel for Martinez seeks to buttress the argument that the instructions confused the jury by directing our attention to an affidavit of counsel regarding a post-verdict conversation with the jury foreman.[2] The affidavit states that after the jury had been discharged, the jury foreman in response to questioning, said:

Two jurors held out; one male juror for a much larger amount than the $500.00 per child and one female juror for zero, saying that her conscience would not let her award the children anything.

■ It is well-settled in Alaska that ordinarily a juror cannot impeach the jury's verdict by his testimony or affidavit.[3] It follows that an affidavit of counsel containing statements made by a

juror also cannot be used to impeach a verdict. The rationale for this rule was articulated by the United States Supreme Court in McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915):

But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation; to the destruction of all frankness and freedom of discussion and conference.[4]

Although in West v. State, 409 P.2d 847, 852 (Alaska 1966), we recognized that there are exceptions to the rule against impeachment where the misconduct involves "fraud, bribery, forcible coercion or any other obstruction of justice", this type of misconduct has been neither alleged nor shown to have transpired in the case at bar. Therefore, the proffered affidavit cannot be employed to impeach the verdicts in the case at bar.

In analyzing whether Instruction Number 5 is an erroneous statement of the applicable law, we think several of our decisions are relevant. In Walker v. Alaska Road Commission, 388 P.2d 406 (Alaska 1964), the superior court sitting without a

---

2. A poll of the jury had indicated that only ten of the twelve jurors had agreed on the verdict. Article I, section 16 of the Alaska Constitution allows the legislature to "make provision for a verdict by not less than three-fourths of the jury" in civil suits. The legislature has enacted AS 09.20.100, which provides in pertinent part:

In a civil case tried by a jury in any court . . . not less than five-sixths

of the jury may render a verdict, which is entitled to the legal effect of a unanimous verdict at common law.

3. Gafford v. State, 440 P.2d 405, 418–19 (Alaska 1968) ; Watson v. State, 413 P. 2d 22, 24 (Alaska 1966) ; West v. State, 409 P.2d 847, 852 (Alaska 1966).

4. 238 U.S. at 267–68, 35 S.Ct. at 784, 59 L.Ed. at 1302.

jury awarded an injured party $351 for hospital and medical expenses, but failed to award damages for pain, suffering, and inconvenience. In reviewing the award we observed:

> The record contains substantial and uncontroverted evidence that [Walker] did experience pain, suffering and inconvenience as a result of her injuries. The clear weight of authority holds that a jury award which fails to include a sum for these items of general damages is inadequate or inconsistent when the evidence supporting them is beyond legitimate controversy. Based on our interpretation of the record, we hold that it was error for the trial judge not to have included a sum for [Walker's] pain, suffering and inconvenience in this case.[5]

The holding in *Walker* was reiterated in Morrison v. State, 516 P.2d 402, 406 (Alaska 1973).

Also of importance, and more directly pertinent to the question before us here, is our opinion in Bachner v. Pearson, 479 P.2d 319 (Alaska 1970). In *Bachner,* the defendant's liability had been established before the trial on the issue of the plaintiffs' damages. Because some elements of damages were uncontested, we held that it was error for the superior court to give instructions and submit verdict forms which would have allowed the jury to make no award of damages. But we went on to say:

Nevertheless, in our estimation the prejudicial effect, if any, of such an error, would at most be very slight. In view of the substantial awards [ranging from $22,500 to $35,000] made by the jury, we conclude that the error could not have substantially prejudiced the plaintiffs, and that it does not call for reversal.[6]

■ In light of the principles set out in the foregoing cases, since the jury below was required to award some damages, we hold that the superior court erred in inserting the words "if any" in Instruction Number 5.

■ Martinez argues that when a jury instruction is erroneous[°] and this court "cannot say that the jury's verdict may not have been different had it not been so instructed",[7] we are obliged to order a new trial. However, mere uncertainty regarding the effect of the erroneous instruction on the verdict does not, of itself, require a new trial. Despite some potentially misleading language in the opinions cited by Martinez, we have consistently held that Civil Rule 61 regulates this court's decision to set aside a verdict and grant a new trial in a civil case.[8]

Civil Rule 61 provides in pertinent part:

> No error . . . or defect . . . in anything done or omitted by the court . . . is ground for granting a new trial or for setting aside a verdict . . . unless refusal to take such ac-

---

5. 388 P.2d at 407 (footnote omitted).

6. 479 P.2d at 337. *Cf.* Biggs v. Toone, 244 S.W.2d 443 (Ky.1951); Schriewer v. Schworer, 296 Ky. 749, 178 S.W.2d 598 (1944) (reversing and remanding for a new trial where the jury instructions erroneously contained the words "if any" and the jury had made no award for pain and suffering).

7. Howarth v. Pfeifer, 423 P.2d 680, 684 (Alaska 1967). *See also* Rexford v. Saslow, 425 P.2d 611, 613–14 (Alaska 1967).

8. Jakoski v. Holland, 520 P.2d 569, 573 (Alaska 1974); Groseth v. Ness, 421 P.2d 624, 629 (Alaska 1966); Mallonee v. Finch, 413 P.2d 159, 164 (Alaska 1966); Otis Elevator Co. v. McLaney, 406 P.2d 7, 12 (Alaska

1965); Meyst v. East Fifth Ave. Serv., Inc., 401 P.2d 430, 437 (Alaska 1965); Alaska Brick Co. v. McCoy, 400 P.2d 454, 456 (Alaska 1965); Mitchell v. Knight, 394 P.2d 892, 896 (Alaska 1964); Zerbinos v. Lewis, 394 P.2d 886, 889 (Alaska 1964); Reiten v. Hendricks, 370 P.2d 166, 168 (Alaska 1962); Veal v. Newlin, Inc., 367 P.2d 155, 157 (Alaska 1961); Davidsen v. Kirkland, 362 P.2d 1068, 1069 (Alaska 1961).

The standards set out in Civil Rule 61 have also been applied in non-jury contexts. *See, e. g.,* Concerned Citizens of S. Kenai Peninsula v. Kenai Peninsula Borough, 527 P.2d 447, 451 (Alaska 1974); Employers Commercial Union Ins. Group v. Schoen, 519 P.2d 819, 824 (Alaska 1974); Briggs v. Kelly, 376 P.2d 715, 717 (Alaska 1962).

tion appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The United States Supreme Court, in considering a 1919 federal statute that was substantively the same as Civil Rule 61, announced workable practical guidelines for an appellate court's use in making the difficult judgments called for by Civil Rule 61:

> It comes down on its face to a very plain admonition: 'Do not be technical, where technicality does not really hurt the party whose rights in the trial and in its outcome the technicality affects.'
>
> . . .
>
> . . . . . .
>
> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but a very slight effect, the verdict and the judgment should stand . . . .. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence.

Kotteakos v. United States, 328 U.S. 750, 760, 764–65, 66 S.Ct. 1239, 1246, 1248, 90 L.Ed. 1557, 1564, 1566–67 (1946) (citation omitted).[9]

In Love v. State, 457 P.2d 622, 629–32 (Alaska 1969), after a careful analysis of the "harmless error" doctrine by Justice Connor, we adopted the *Kotteakos* approach in appraising "ordinary" errors in criminal cases under Criminal Rule 47(a).[10] Because Civil Rule 61's language is identical to that of Criminal Rule 47(a), directing us to disregard "any error which does not affect substantial rights", we will employ the *Kotteakos* principles in evaluating the importance of errors in civil cases.[11] Applying these principles to the instant case, if the inclusion of the words "if any" in Instruction Number 5 did not significantly affect substantial rights, the error is harmless and the judgment on the verdict should be affirmed. Otherwise, the verdict must be vacated and a new trial ordered.

■ We are well aware that the question of whether or not the error in the jury instruction was harmless cannot be decided by "mechanistic verbal formulae".[12]

---

9. Although *Kotteakos* was a criminal case, the Court made clear that its "harmless error" discussion was fully applicable to civil cases. *See* 328 U.S. at 757 n. 9, 762–63, 66 S.Ct. 1239, 90 L.Ed. at 1562, n. 9, 1565. *See also* C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2883, at 275–80 (1973).

10. Love v. State, 457 P.2d 622, 631 (Alaska 1969) recognized that in a criminal case before an error involving the denial of a federal constitutional right (a so-called "federal constitutional" error) can be held harmless, the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to the defendant's conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See also* Comment, Alaska's Criminal Harmless-Error Rule: Love v. State, 457 P.2d 622 (August 8, 1969), 8 Alaska L.J. 215 (1970).

11. The "harmless error" standard adopted in *Love* has already been applied in the civil cases of Davis v. Chism, 513 P.2d 475, 486 (Alaska 1973), and Adkins v. Lester, 530 P. 2d 11, 18 (Alaska 1974).

Where jury instructions in a civil case are challenged as erroneous, the *Kotteakos-Love* approach is to be utilized only if objections to the challnged instructions were timely made below. Where objections were not brought to the attention of the trial court, the instructions will not be reviewed unless there is "plain error", an error so substantial as to result in injustice. *See, e. g.*, Merrill v. Faltin, 430 P.2d 913, 917 (Alaska 1967) ; Meyst v. East Fifth Ave. Serv., Inc., 401 P.2d 430, 434 (Alaska 1965).

12. Love v. State, 457 P.2d 622, 629 (Alaska 1969).

Therefore we must consider the circumstances under which Instruction Number 5 was given, and the instruction's probable impact on the jury. The instruction in question informed the jury that Bullock had admitted liability. Furthermore, Bullock's attorney, in his final argument, told the jury:

> The law requires that something be awarded. Something has to be given to the kids. The law does not require any amount. The law does not require that the amount be large. The law does not require that the amount be very small. It can be very large. It can be very small.

The jury subsequently awarded $500 to each child. On the particular facts of this record we hold that the error in Instruction Number 5 in all likelihood did not significantly affect the adequacy of the award. We are persuaded that the instruction's inclusion of the words "if any", in the circumstances of this case, is harmless error.

Martinez also asserts that Instructions 6, 7, 18, and 19 erroneously instructed the jury concerning the burden of proof in a civil action when the only issue for the jury's determination was the amount of damages. We find no error here. While the instructions could have been more narrowly drafted to refer solely to the damage issue, these instructions were necessary to apprise the jury of the burden Martinez had to bear in proving the essential elements that would sustain a damage award.

■ Instructions 20 and 23, regarding the proper method for the jury to use in fixing the amount of the damage award, begin with the following clause: "If you should find that the plaintiff is entitled to a verdict. . . . " Martinez contends that this clause was totally unnecessary, since liability had been admitted, and that it misled the jurors by confusing them as to what issues remained. Thus, Martinez

would have us hold Instructions 20 and 23 prejudicially erroneous. We agree that it was error to read the prefatory clause to the jury; the jury should normally be instructed only as to matters in issue. But the jury did make an award to the Martinez children, and, in view of the matters previously detailed in our consideration of Instruction Number 5, we cannot characterize the errors in Instructions 20 and 23 as other than harmless.

■ Martinez' final specification of error is that the jury's award of $500 per child, for past and future pain and suffering, is grossly inadequate. If the award is "inadequate", in that the award does not conform to the evidence adduced below, this court may remand for a new trial.[13]

■ Mr. Martinez testified that at the time of the accident Edwardo, the older of the two injured children, was cut on the right side of his face by flying glass. Edwin, the other child, was cut on his forehead and chin by the glass. Immediately after the accident, the children were treated at the Elmendorf Air Force Base Hospital, where the cuts were stitched closed. Mrs. Martinez testified that on the night of the accident and throughout the next day she administered aspirin to the children to relieve their pain. The stitches were removed two or three weeks later.

Approximately three or four months after the accident, Edwardo was taken to see Dr. Donald B. Addington, a plastic surgeon in Anchorage. Dr. Addington testified that Edwardo had a pre-existing burn scar on his chin which was a hypertrophic or "bad" scar. Because of Edwardo's bad scar history, Dr. Addington decided not to attempt surgical revision of the scar that had resulted from the cuts sustained in the automobile accident. Instead he sought to improve the appearance of Edwardo's scar by twice injecting Kenalog, a healing catalyst, into the scar. Bullock's insurer paid Dr. Addington's bills, in the amount of

13. Morrison v. State, 516 P.2d 402 (Alaska 1973); Walker v. Alaska Road Comm'n, 388 P.2d 406 (Alaska 1964).

$80.20, for the medical services rendered. No further medical expenses were incurred by appellants.

At the time of the trial, about three and a half years after the accident, the Martinez children were present in court and shown to the judge and the jury. Apparently the children's scars had healed quite well. Dr. Addington testified that the scars had healed "better than I would have expected". According to Mr. Martinez' testimony, the scar on Edwin's chin was "just about gone" and the one on the child's forehead had also "gone down". Edwardo's scar was more noticeable, but, according to the photographs which are a part of the record, it is situated such that it appears as a continuation of the bad burn scar under his chin. Mr. Martinez stated that Edwardo was not bothered by the accident scar, although he indicated that Edwardo may have a different attitude when he starts dating. The Martinez children were not called upon to testify.

During its deliberations, the jury requested the opportunity to reexamine the scars of both boys, particularly in order to be sure of the difference between Edwardo's old burn scar and his accident scar. The request was granted, and, after further deliberation, the verdicts were rendered awarding $500 to each child.

In denying Martinez' motion for a new trial, the superior court observed:

> An examination of the record, the exhibits and the testimony of the witnesses would indicate that the possible range of verdicts for each child was from $250.00 to $2,500.00. . . .
>
> . . . [T]he primary basis for a claim for damages for pain and suffering is not past or future physical pain but rather emotional discomfort traceable to disfigurement. While both boys were scarred the scars on Edwin Eugene Martinez were not particularly visible. Edwardo Ernesto Martinez was more seriously scarred but had incurred scars in the same general area of his face and

neck which were as visible if not more visible. Consequently, the jury could well have concluded that a substantial amount of any future emotional discomfort traced to the scarring would have occurred in the absence of the motor vehicle accident which formed the basis for the present proceeding and consequently substantial amount of the future damage would not be proximately caused by that accident.
>
> In summary, while the awards in this case were at the lower end of the range of possible verdicts they are, in my opinion, within that range and consequently the verdict may not be set aside as clearly inadequate. . . .

After reviewing the record, we find ourselves in agreement with the superior court. The jury's damage award is not inadequate as a matter of law.

Affirmed.

BOOCHEVER, J., dissents.

ERWIN, J., not participating.

BOOCHEVER, Justice (dissenting).

The majority acknowledges that the Martinez children were entitled to some damages. Because the damage issue had to be submitted to the jury for a determination of the precise amount, it was concluded that the grant of a directed verdict as to "some" damages would not have taken the damage issue away from the jury. But that conclusion misses the point that the granting of the motion would have removed from the jury the issue of awarding *no* damages.

True, the failure to grant the directed verdict would not have been prejudicial had the jury been properly instructed on the damage issue. But as pointed out in the opinion, the jury was not properly instructed. It was told to determine "what injury, *if any* the plaintiff received" and "the amount of damages, *if any*". This left to the jury the very issue which should have been removed, i. e. the question of de-

termining whether there were any compensable injuries or resulting damages.

Those errors were compounded by Instructions 20 and 23 which by stating *"If you should find that the plaintiff is entitled to a verdict . . . "* again suggested that the jury could find that the plaintiffs were not entitled to any award. All of these instructions were objected to by counsel for the Martinez'.

I agree with that portion of the majority opinion which disapproves of the impeachment of a verdict by the testimony or affidavit of a juror. Nevertheless, without considering the affidavit, we are cognizant of the result which may occur when a trial court refuses to grant a properly based motion for a directed verdict as to some damages and compounds that refusal by instructions permitting the jury to consider the award of no damages. The trial court properly instructed the jurors that it was their duty "to consult with one another" and "to deliberate with a view to reaching an agreement", if they could do so without violence to individual judgment. In such consultation and during the course of their efforts to reach an agreement, the fact that jurors were improperly permitted to contend that the Martinez boys were entitled to no damages could well have had a substantial effect on the amount of the verdict.[1]

In denying Martinez' motion for a new trial, the trial judge acknowledged that the awards were at the lower end of the range of possible verdicts. The situation discussed in Bachner v. Pearson[2] is thus inapposite since the substantial awards of from $22,500 to $35,000 there led to the conclusion that the error in submitting instructions which allowed the jury to make no award for damages could not have substantially prejudiced the plaintiffs.

I do not see how we can say with fair assurance that "the judgment was not sub-

stantially swayed by the error(s)" and "that substantial rights were not affected".[3] Accordingly, I would remand for a retrial on the damage issue.

---

1. Kotteakos v. United States, 328 U.S. 750, 760, 764–65, 66 S.Ct. 1239, 90 L.Ed. 1557, 1564, 1566–67 (1946).

2. 479 P.2d 319 (Alaska 1970).

3. 328 U.S. at 765, 66 S.Ct. at 1248, 90 L.Ed. at 1566–67.