**CITY OF ANCHORAGE, Appellant,**

**v.**

**CHUGACH ELECTRIC ASSOCIATION, Inc.,**
**Appellee.**

**No. 444.**

Supreme Court of Alaska.

July 29, 1964.

Harland W. Davis, City Atty., and R. Everett Harris, Anchorage, for appellant.

William J. Moran, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This appeal grew out of the allowance by the trial court of a $1377 attorney's fee to the appellee, Chugach Electric Association, Inc., for its successful role in obtaining a judicial determination of tax free status for certain of its property which the appellant, City of Anchorage, had treated as taxable and placed on its tax foreclosure list for 1960. We shall consider first a procedural question raised by the appellee, that is, whether the notice of appeal was timely filed.

On June 21, 1960, the appellee, hereinafter referred to as Chugach, appeared before the city council of the appellant, sitting as an equalization board, and protested the taxation of the property in question on the grounds that it was a nonprofit electric cooperative corporation and that as such its property was exempt from local taxation under the provisions of chapter 93, SLA 1959, known as the Electric and Telephone Cooperative Act.[1] The appellant refused to grant any relief, indicating that it considered the protest to be without merit and

---

1. Section 33 of chapter 93, SLA 1959 (now AS 10.25.540), reads in part as follows:
"On or before the 1st day of April, 1961, and on or before the 1st day of April of each year thereafter, each such cooperative shall pay to the State of Alaska, in lieu of state and local ad valorem, income and excise taxes which may be assessed or levied on or after

questioned the constitutionality of the statute granting tax exemption to electric co-operatives.

On December 1, 1961, the appellant petitioned the superior court for judgment and order of sale of all property on which tax payments were delinquent, including the appellee's property. The appellee answered, claiming the statutory exemption above mentioned. The issue thus raised by the pleadings was heard by Judge Cooper on January 8, 1962; but it appears that in the meantime the appellant had acquiesced in the appellee's claim of exemption leaving only the question of whether the appellee should be allowed an attorney's fee and the amount thereof for the court to determine. At the conclusion of the hearing, Judge Cooper signed "Findings of Fact, Conclusions of Law, Judgment and Decree" prepared and submitted to him by the appellant, in which there was no provision made for an attorney's fee to be paid to the appellee by the appellant. Inasmuch as the appellee had not had an opportunity to examine the findings, conclusions and judgment before they were submitted, Judge Cooper agreed that he would receive and act upon supplements to the same in chambers upon a showing of due notice given to the appellant.

On January 11, 1962, counsel for the appellee sent a letter to Judge Cooper, a copy of which was given to the appellant, explaining the appellee's claim to the allowance of an attorney's fee in the sum of $1377 on a contested-case basis under Civil Rule 82(a) (1) and enclosing a proposed "Supplemental Judgment and Decree" which provided that the judgment of January 8 should be amended by adding thereto an additional paragraph as follows:

"The City of Anchorage, petitioner herein, shall forthwith pay to Chugach

Electric Association, Inc. a reasonable attorney's fee in the sum of $1,377.00."

A copy of the supplemental judgment was served upon appellant's counsel the following day. At the time of such service he was informed that the judgment would be presented to Judge Cooper in chambers at two o'clock that afternoon whereupon he expressed his opinion that he considered the amount of attorney's fee proposed by the appellee to be too high. At two o'clock the supplemental judgment was submitted to Judge Cooper by counsel for the appellee, no one appearing for the appellant, was signed by the judge and entered in the journal by the clerk, all on the 12th day of January. Apparently counsel for the appellant believed that the supplemental judgment would be submitted to Judge Cooper at the time stated but that it would not be signed by him until a later date.[2]

Not until January 23, 1962, did the appellant inquire as to the status of the supplemental judgment. Upon being informed by appellee's counsel that it had been signed on the 12th, it served and filed a motion on January 24 to alter the judgment, specifically contending that the attorney's fee allowed was excessive for the reason that the defense had not been contested and was without trial and had in fact been consented to by the appellant in the foreclosure action. This motion lay dormant for many months but was finally heard and denied by another judge on October 22, 1963. Ten days later, the appellant gave notice of appeal, not from the order denying its motion to alter the judgment, but from the supplemental judgment of January 12, 1962.

The appellee contends that this court must reject the appeal because it was not noticed within thirty days after the entry of the supplemental judgment but approximately twenty-two months after such entry.

the 1st day of January, 1960, a percentage of its gross revenue earned during the preceding calendar year * * *."

2. The parties agree between themselves that under Civil Rule 78(b), quoted later

in the text of this opinion, Judge Cooper should have waited five days before acting upon the supplemental opinion submitted to him, thus allowing the appellant this time under the rule to submit any written objections he may have desired to make.

The appellee also contends that the running of the time for the filing of the notice of appeal was not tolled by the filing of the motion to alter the judgment under Civil Rule 59(f), as the appellant claims it was, because that motion, too, was untimely under any applicable rules of civil procedure to terminate the time for giving notice of appeal. We agree.

Supreme Court Rule 7(a) requires that an appeal must be taken within thirty days "from the entry of the judgment appealed from." The rule also provides that the time for appeal is terminated by a "timely motion made pursuant to any of the rules of civil procedure for the superior court" of which the motion to alter the judgment under Civil Rule 59(f) is one. This latter rule clearly requires that a motion to alter judgment must be served "[n]ot later than 10 days after entry of judgment." Since the supplemental judgment was entered on January 12 and the appellant's motion to alter that judgment was not served until January 24, twelve days later, that motion cannot be termed "timely."

The appellant maintains that its motion to alter the judgment was timely due to the failure of Judge Cooper to wait five days before signing the supplemental judgment. In this it relies upon the provisions of Civil Rule 78(b) which provides that

"Within 5 days after service of any of the documents mentioned in subdivision (a) [findings, conclusions of law, judgments and orders], a party may serve a written detailed statement of objections to any such document and the reasons therefor. If objections are served wtihin the time specified herein, the court may thereafter require the attorneys interested to appear before it, or it may sign the document

as prepared by counsel for the successful party or as modified by the court."

Although its argument carries some appeal, the appellant does not show wherein it was actually prejudiced by Judge Cooper's failure to wait out the five days before signing the supplemental judgment.[3] There is no claim or showing by the appellant that it had in mind to serve and file a statement of written objections to the supplemental judgment within the time permitted by Civil Rule 78(b). Nor did it ever file and serve such a statement at any later time. Therefore, even if the rule had been followed and the supplemental judgment had not been entered until January 17, the situation would have remained the same and the trial court would still have had only the judgment as submitted to act upon, without the benefit of a written statement of objections and reasons therefor. Furthermore, the appellant was never deprived of its right and opportunity to appeal from the supplemental judgment within thirty days from the date of its entry.

For the foregoing reasons the appeal is dismissed and it is so ordered.

---

3. In Briggs v. Kelly, 376 P.2d 715, 717 (Alaska 1962) we held:

"Non-compliance with subdivisions (a) and (b) of Rule 78 does not in itself

require us to reverse the judgment below and order it to be set aside. The appellant must first show that she has been prejudiced in some substantial way."